**CHARLES J. KATZ, ESQ., SBN 68459**
475 El Camino Real, Suite 300
\Millbrae, CA  94030
Telephone: (650) 692-4100/**Facsimile**: (650) 692-2900
**ELLADENE LEE KATZ, ESQ., SBN 81021**
327 North San Mateo Drive, Suite 9
P.O. Box 517
San Mateo, CA  94401
Telephone:  (650) 348-8078/ **Facsimile**: (650) 348-8073  **E-filing**

Attorneys for Plaintiff
**Sukh  Deo  Singh**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08      1353

**Sukh Deo Singh**                          USDC Case No _____

      Plaintiff,

                  **COMPLAINT FOR RECOVERY**
Vs.                                                  **OF PLAN BENEFITS**          **P.JH**
                  <u>USC Section 1132(a)(1)(B)</u>

**LSG Sky Chefs, Inc.; Walter**
**Gehl, CEO and Mary Donnelly**

      Defendants.

_____/

     **NOW COMES THE PLAINTIFF, Sukh Deo Singh,**  by and through his

undersigned attorneys, Charles J. Katz and Elladene Lee Katz,  and hereby brings this

action against the Defendant, **LSG Sky Chefs, Inc.,** et alia, and as for his causes of

actions states as follows:

1

## JURISDICTION

2    1.    Plaintiff alleges that Plaintiff's claims *"relate to"* an *"employee welfare*
3    *benefit plan"* as defined by ERISA, 29 U.S.C. Section 1001 et seq. and that the subject
4
     Plan constitutes a *"plan under ERISA"*.    Therefore, Plaintiff alleges that this Court's
5
6    jurisdiction is invoked pursuant to 28 U.S.C. Section 1337 and 29 U.S.C. Section
7    1132(e).

8    2.    Venue is proper within the Northern District of California pursuant to 29
9    U.S.C. Section 1132(e)(2) because the acts complained of have occurred within this
10   district.
11

12
## PARTIES
13

14   3.    Plaintiff, **Sukh Deo Singh**, (hereinafter *"Plaintiff"*) , is, and at all relevant
15   times was, a resident of California in which Plaintiff resides.

16   4.    Plaintiff alleges upon information and belief that Defendant, **LSG Sky**
17   **Chefs, Inc.** (hereinafter *"Defendant"*) is, and at all relevant times was, a corporation
18   authorized to transact and transacting the business of insurance in California, and was
19
     the Claims Administrator for the Retirement Benefit Plan of LSG Sky Chefs, Inc. for
20
21   employees represented by the Hotel Employees and Restaurant  Employees
22   International Union, ASSCIO (hereinafter *"The Plan")*.

23

24
## FACTUAL BACKGROUND
25   5.    The Defendant paid benefits under the Retirement Plan to Plaintiff from on
26

27

28   COMPLAINT FOR RECOVERY OF
     PLAN BENEFITS                                                        2

1    or about February 16, 2004 to the present time in the amount of $338.96.  Plaintiff

2    contends that Plaintiff should have been paid a higher amount in retirement benefits.

3         6.     On July 20, 2003, Plaintiff was terminated because he was on a leave of

4    absence for two years.    Plaintiff was reassured that he would have full retirement,

5    health, life, and medical benefits based upon his employment with the Company for 30

6    years.  Plaintiff was reassured that he would receive all benefits, Defendant never paid

7    the full retirement, health, life and medical benefits.  Defendant Mary Donnelly

8    (hereinafter "Donnelly"), the Human Resource Manager of Defendant sent a letter to

9    Plaintiff which was received on or about March 10, 2005 stating that she had reviewed

10   Plaintiff's complaint for medical benefits and concluded that no medical benefits were to

11   be given to Plaintiff because he was not eligible.  According to Defendant, Plaintiff was

12   terminated before he reached 55 years of age and was therefore not eligible for their

13

14   benefits.  Further, Defendant stated that Plaintiff was terminated because the maximum

15   length of leave allowed was two years.  In fact, the maximum amount of time was three

16   years.

17

18        7.     On March 15, 2005, Plaintiff attempted to appeal the Defendant's decision

19   that Plaintiff was not eligible for medical benefits or long-term disability.  In a letter dated

20   March 15, 2005 sent by Plaintiff's doctor, Donald B. Nichols, to Defendant Donnelly, the

21   Human Resource Manager, Dr. Nichols argued that Plaintiff was on a leave of absence

22   for disability based upon an injury on the job since July 20, 2001 and he was terminated

23   July 20, 2003.  The doctor stated that he provided further disability documentation to

24   Defendant requesting that Plaintiff be out from June 1, 2003 to June 1, 2004, however,

25   Defendant terminated Plaintiff.  Dr. Nichols stated that Plaintiff should have been given

26

27

28   COMPLAINT FOR RECOVERY OF
     PLAN BENEFITS                                         3

disability benefits under his retirement plan. Plaintiff should have been granted the additional year of disability leave, which would have given him time to reach age 55 in November of 2003. Instead, Defendant terminated Plaintiff claiming that there was only a two year maximum of leave which was not true. Further, after the termination, Defendant, Human Resource office, and Retirement Benefits Office continued to reassure Plaintiff in writing and verbally that he would be fully qualified for all benefits.

8. Plaintiff has requested the Human Resource Department and the Retirement and Benefits Center, to further investigate and reconsider his claim for full retirement and medical benefits. Defendant remanded the claim to Defendant Donnelly, the Human Resource Manager who decided that after her review of the file on or about March 10, 2005, that Plaintiff did not have eligibility rights for medical benefits under the retirement plan because he was terminated after a two year maximum length of leave.

9. On or about March 10, 2005, Defendant denied Plaintiff's appeal, closed the Administrative record and determined that all administrative remedies had been exhausted.

### FIRST CAUSE OF ACTION
### FOR RECOVERY OF PLAN BENEFITS, PURSUANT
### TO 29 U.C.S. SECTION 1132(A)(1)(B)

10. Plaintiff incorporates those allegations of the Jurisdiction, Parties, and Factual Background sections as though set forth in full in this cause of action.

11. Under the terms of the Plan, Defendant agreed to provide Plaintiff with Benefits which included a monthly pension of approximately $454.54 and Retiree Group Life and Health Plan benefits, based upon his seniority and number of years with the Company. After Plaintiff was terminated, Defendant stated that effective January 1,

COMPLAINT FOR RECOVERY OF
PLAN BENEFITS                           4

1    2004 an employee on sick leave would receive accrued Company seniority when the

2    employee returned to active employment. However, Plaintiff was out because of an

3    injury on duty leave, i.e., certain disc injury to his spine and under the Company's own

4    policies and provisions, seniority shall accrue during the entire period of an injury on-duty

5

6    leave. Therefore, Plaintiff should have been credited with almost 30 years of

7    employment, and should have qualified for full retirement and medical benefits.

8    Defendant failed to provide such benefits.

9       12.    Denial of benefits to Plaintiff constitutes a breach of the Plan between

10    Defendant and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all

11    benefits he would have received as a result of Defendant's failure to provide coverage in

12    an amount presently unknown but to be set forth at the time of trial.

13

14       13.    Defendant has arbitrarily and capriciously breached the obligations set

15    forth in the Plan. Defendant has arbitrarily and capriciously breached its obligations

16    under the ERISA policy to provide Plaintiff benefits even though Plaintiff's benefits are

17    covered under the terms of the Plan.

18       14.    As a direct and proximate result of the aforementioned conduct of

19    Defendant in failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been

20

21    damaged in an amount equal to the amount of benefits to which Plaintiff would have

22    been entitled under the terms of the Plan.

23       15.    As a direct and proximate result of the aforesaid conduct of Defendant in

24    failing to provide coverage and benefits under the Plan, Plaintiff has suffered, and will

25    continue to suffer in the future, damages under the Plan, plus interest and other

26

27

28    COMPLAINT FOR RECOVERY OF
PLAN BENEFITS                                            5

1  economic and consequential damages, for a total amount to be determined at the time of

2  trial.

3      16.    Plaintiff is entitled to benefits and prejudgment interest at the appropriate

4  rate.

5

6

7                      **SECOND CAUSE OF ACTION**
                **FOR AN AWARD OF ATTORNEY'S FEES AND COSTS,**
8              **PURSUANT TO 29 U.S.C. SECTION 1132(G)(1)**

9      17.    Plaintiff incorporates those allegations of the Jurisdiction, Parties and

10  Factual Background sections along with the First Cause of Action as those set forth in

11  full in this cause of action.

12      18.    29 U.S.C. Section 1132(g)(1) authorizes this Court to award reasonable

13  attorney's fees and costs of action to either parting in an ERISA action.

14

15      19.    As a result of the actions and failings of the Defendant, Plaintiff has

16  retained the services of legal counsel and has necessarily incurred attorney's fees and

17  costs in prosecuting this action.  Further, Plaintiff anticipates incurring additional

18  attorney's fees and costs in hereafter pursuing this action, all in a final amount which is

19  currently unknown.  Plaintiff therefore requests an award of reasonable attorney's fees

20  and costs.

21

22

23                          **PRAYER FOR RELIEF**

24      **WHEREFORE,** Plaintiff prays for judgment as follows:

25      A.    For a declaration regarding the Defendant's noncompliance with minimum

26

27

28  COMPLAINT FOR RECOVERY OF
    PLAN BENEFITS                                         6

1  requirements of ERISA and other federal and state laws in connection with the denial of

2  benefits;

3        B.      For benefits payable under the Plan to reimburse Plaintiff for payments that

4
   Plaintiff has been entitled to receive;
5

6        C.      For future benefits payable under the Plan Plaintiff is entitled to receive;

7        D.      For an award of prejudgment interest;

8        E.      For an award of reasonable attorney's fees pursuant to 29 U.S.C. Section

9  1132(g)(1);

10        F.      For costs incurred; and

11
          G.      For such other and further relief as the Court deems appropriate.
12

13

14  Dated:  March 7, 2008

15

16

17                                        Charles J. Katz
                                          Attorney for Plaintiff
18                                        Sukh Deo Singh

19

20

21

22

23

24

25

26

27

28  COMPLAINT FOR RECOVERY OF
    PLAN BENEFITS                                          7