CHARLES J. KATZ, ESQ. (SBN68459)
475 El Camino Real, Suite 300
Millbrae, CA  94030
Telephone:  (650) 692-4100
Facsimile:   (650) 692-2900

Attorney for Plaintiff
SUKH DEO SINGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKH DEO SINGH<br><br>         Plaintiff,<br><br>v.<br><br>LSG SKY CHEFS, INC.;<br>WALTER GEHL, CEO and<br>MARY DONNELLY<br><br>         Defendants | Case No. C08-01353 PJH<br><br>**PLAINTIFF'S REPORT TO COURT**<br><br>Initial Case Management Conference Schedule<br><br>Date:  June 19, 2008<br>Time:  2:30 p.m.<br>Courtroom:  3, 17th Floor |

COMES NOW Plaintiff Sukh Deo Singh through his attorney of record, Charles J. Katz, and hereby submits the following report to this court:

1. The Complaint in this action was filed on March 10, 2008.  This case arises out of the wrongful denial of disability and retirement benefits. The Complaint named as Defendant, LSG Sky Chefs, Inc., Plaintiff's employer.  The Complaint also named two (2) individuals, Walter Gehl, the CEO of LSG Sky Chefs, Inc. and Mary Donnelly, the Human Resource Manager at LSG Sky Chefs, Inc.

2. The Complaint was served on the Defendants on March 27, 2008.  Plaintiff has since filed a dismissal of the individuals.

3. On or about April 18, 2008, I received a communication from Raul F. Salinas, an attorney at the law firm of Adorno Yoss Alvarado & Smith, advising me that he had recently been

1

1  informed that his client has been served with the Complaint and that he needed additional
2  time to determine whether he would be appearing on behalf of Defendant LSG Sky Chefs,
3  Inc. He requested a thirty (30) day extension of time up to and including May 19, 2008 to
4  respond to the Complaint. I agreed. A copy of Mr. Salinas' letter dated April 21, 2008 is
5  attached hereto as **Exhibit "A"**.

6  4. On May 1, 2008, I received a call from S. Christopher Yoo, an attorney at Adorno Yoss
7  Alvarado & Smith, advising me that he was still looking into whether he was authorized to
8  file an answer on behalf of Defendant. He requested a three (3) week extension of time
9  which I granted. He also asked me execute a Stipulation to Extend time up to May 27, 2008.
10 A copy of said Stipulation for Extension of Time is attached hereto as **Exhibit "B"**.

11 5. On or about May 22, 2008, I received another telephone call from S. Christopher Yoo
12 advising me that he was investigating the matter as to whether he had authority to file an
13 answer on behalf of LSG Sky Chefs, Inc. and requested an extension of time up to
14 June 6, 2008. I agreed. Attached hereto as **Exhibit "C"** is the second Stipulation for
15 Extension of Time.

16 6. On or about June 3, 2008, I received an email from Mr. Yoo advising me that he was
17 attempting to determine the identity of the welfare plan and the plan administrator. Again,
18 it was agreed that it was in the interest of all parties to determine whether the appropriate
19 Defendant was named in this action. Mr. Yoo requested a one week extension of time to
20 which I agreed. Attached hereto as **Exhibit "D"** is the third Stipulation for Extension of
21 Time to June 13, 2008.

22 7. The order setting Initial Case Management Conference and ADR deadlines require that the
23 parties meet and confer re Initial Disclosures, Early Settlement, ADR Process Selection and
24 discovery plan, as well as to file the Joint Stipulation and [Proposed] Order Selecting ADR
25 Process.

26 8. Out of abundance of caution, I have served the disclosures on Adorno Yoss Alvarado &
27 Smith although they have technically <u>not</u> appeared.

28

2

9. The court schedule further requires the attorneys meet and confer and submit the Joint Case Management Conference Statement no later than June 12, 2008, seven (7) days before the Case Management Conference currently set on June 19, 2008 at 2:30 p.m.

10. On June 5, 2008 I spoke to Christopher Yoo to inquire whether he had heard any further word on the subject. Mr. Yoo informed me that he was hoping to learn by the middle of the following week, i.e., on or about June 11, 2008 whether he would representing the Defendant.

11. We also discussed the possibility that although I may have named the incorrect Defendant, there was the distinct possibility that Mr. Yoo would be representing the properly named Defendant, i.e., I might be required to amend the Complaint to allege the proper Defendant at which time Mr. Yoo would represent the newly identified Defendant. Of course, I stated that I had absolutely no objection to this.

12. Therefore, I am requesting a forty-five (45) day continuance of the Case Management Conference to allow me to sort all of this out. If the court, however, wishes me to appear on June 19, 2008, to make a formal request for a continuance, I will certainly be happy to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 6, 2008 at Millbrae, California.

_____/S/_____
CHARLES J. KATZ, ESQ., Attorneys for Plaintiff
SUKH DEO SINGH

PROOF OF SERVICE

I declare that:

I am a citizen of the United States and employed in San Mateo County, California; I am over the age of eighteen years and not a party to the within action. My business address is 475 El Camino Real, Suite 300, Millbrae, CA 94030. Today, I served:

**PLAINTIFF'S REPORT TO COURT**

 **X**  by causing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, to be placed in the United States Post Office mail box at Millbrae, California, addressed as indicated below. (I am readily familiar with this business' practice of collecting and processing correspondence for mailing mail. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business).

__ by FACSIMILE as follows: I caused the said document to be transmitted by Facsimile machine to the addressee(s) at their fax numbers indicated below. The Facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(i), I caused the machine to print a transmission record of the transmission.

__ by PERSONAL SERVICE as follows: I caused each such envelope to be delivered by hand to the addressee(s) identified below:

**S. Christopher Yoo, Esq.**
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

Date: June 10, 2008

EILEEN C. SANDOVAL