CHARLES J. KATZ, ESQ. (SBN68459)
475 El Camino Real, Suite 300
Millbrae, CA 94030
Telephone: (650) 692-4100
Facsimile: (650) 692-2900

Attorney for Plaintiff
SUKH DEO SINGH

S. CHRISTOPHER YOO, ESQ. (SBN169442)
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Telephone: (714)852-6800
Facsimile: (714)852-6899

Attorney for Defendant
SKY CHEFS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKH DEO SINGH<br><br>　　　Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC.; et al.<br><br>　　　Defendant | Case No. C08-01353 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 31, 2008<br>Time: 2:30 pm<br>Courtroom: 3, 17th Floor |

　　　THE PARTIES HEREIN, Sukh Deo Singh, Plaintiff and Sky Chefs, Inc., Defendant, through their attorneys of record, hereby submit the following Joint Case Management Conference Statement.

1.　　　<u>Jurisdiction and Service</u>: This case arises under 28 U.S.C. § 1337 and 29 U.S.C. §§ 1001 and 1132(e), ERISA. All parties have been served. However, Sky Chefs, Inc. has not been served with the First Amended Complaint. Plaintiff intends to file the First Amended Complaint immediately and will serve it upon Defendant forthwith.

2.　　　<u>Facts</u>: Plaintiff was employed by Defendant Sky Chefs, Inc. Plaintiff has sought benefits under both the Retirement Benefit Plan and the Life and Health Benefits Plan, but has been denied benefits.

1

Defendant contends that Plaintiff is currently receiving in excess of $338 per month in accordance with the applicable retirement benefit plan. The monthly pension payment was calculated in accordance with his early retirement and applicable reduction factors. As to the life and health benefit plan, Plaintiff is not receiving any benefit, because he was terminated prior to turning age 55, and therefore, Plaintiff was not eligible for the plan.

3. <u>Legal Issues</u>: Plaintiff contends that he was improperly denied benefits under the Retirement Benefit Plan and the Life and Health Benefits Plan.

Defendant contends that denial of any benefits was reasonable and not arbitrary and capricious. Defendant further contends that the denial of benefits to Plaintiff is supported by substantial evidence from the administrative record.

4. <u>Motions</u>: Plaintiff does not anticipate filing any motion.

Defendant anticipates filing a Motion for Summary Judgment.

5. <u>Amendment of Pleadings</u>: Plaintiff will be filing a First Amended Complaint which will dismiss the previously named Defendants and will bring in Defendant Sky Chefs, Inc.

6. <u>Evidence Preservation</u>: The parties do not anticipate any problems in this regard.

7. <u>Disclosures</u>: Plaintiff will be serving upon Defendant his Initial Disclosures. Defendant will exchange Initial Disclosures at an agreed-upon date. Because this matter is governed by ERISA, Defendant anticipates that discovery will be limited.

8. <u>Discovery</u>: The parties will work out a mutually agreeable discovery plan. Defendant anticipates that the discovery will be limited. Defendant suggests that it is premature to determine a discovery cut-off date since the case is currently not at-issue.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff is seeking the recovery of the benefits under these two (2) plans and attorney's fees pursuant to ERISA.

12. <u>Settlement and ADR</u>: The parties have agreed to have this matter mediated. Plaintiff's preference is to have to matter mediated. Defendant's preference is that this matter be referred to a Magistrate Judge for a Settlement Conference. Plaintiff does not necessarily oppose this

1 suggestion.

2 13.　Consent to Magistrate Judge for All Purposes: Plaintiff is willing to have this matter
3 submitted to a Magistrate Judge for all purposes. However, Defendant does not consent to a
4 Magistrate Judge for all purposes.

5 14.　Other References: Not applicable.

6 15.　Narrowing of Issues: Defendant contends that the sole issue is entitlement to benefits under
7 ERISA.

8 16.　Expedited Schedule: Because the issues appear to be fairly well circumscribed, the parties
9 do not feel it is necessary for there to be an expedited schedule.

10 17.　Scheduling: Defendant contends that any discussion of scheduling is premature since the case
11 is currently not at issue in that the First Amended Complaint has not yet been filed.

12 18.　Trial: Defendant contends that because the case is not yet at-issue, it would be premature to
13 set this case for trial.

14 19.　Disclosures of Non-Party Interested Entities or Persons: The parties will be filing the
15 Certification of Interested Entities or Persons.

16 20.　Other Matters: The parties are not aware of any other matters that need to be discussed or
17 considered.

20 Dated: July 22, 2008

_____
CHARLES J. KATZ, ESQ., Attorneys for Plaintiff
SUKH DEO SINGH

23 Dated: July 23, 2008

_____
S. CHRISTOPHER YOO, Esq., Attorney for Defendant
SKY CHEFS, INC.

3