CHARLES J. KATZ, ESQ. (SBN68459)
475 El Camino Real, Suite 300
Millbrae, California 94030
Telephone: (650) 692-4100
Facsimile:  (650) 692-2900

Attorney for Plaintiff
SUKH DEO SINGH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKH DEO SINGH )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SKY CHEFS INC. )<br>)<br>Defendant )<br>) | Case No.C08-01353 PJH<br><br>**FIRST AMENDED COMPLAINT FOR RECOVERY OF PLAN BENEFITS** |

**NOW COMES PLAINTIFF, Sukh Deo Singh**, by and through his undersigned attorneys, Charles J. Katz and Elladene Lee Katz, and hereby brings this action against Defendant Sky Chefs, Inc. as the plan administrator of the Retirement Benefit Plan of Sky Chefs, Inc. for employees represented by the Hotel Employees and Restaurant Employees International Union, ALF–CIO and Sky Chefs, Inc. as plan administrator of the Sky Chefs, Inc. Life and Health Benefits Plan, as and for his causes of action states as follows:

**JURISDICTION**

1.   Plaintiff alleges that Plaintiff's claims *"relate to"* an *"employee welfare benefit plan"* as defined by ERISA, 29 U.S.C. Section 1001 et seq. and that the subject Plan constitutes a *"plan under ERISA"*. Therefore, Plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. Section 1337 and 29 U.S.C. Section 1132(e).

First Amended Complaint for Recovery
of Planned Benefits

1

2.   Venue is proper within the Northern District of California pursuant to 29 U.S.C. Section 1132(e)(2) because the acts complained of have occurred within this district.

## PARTIES

3.   Plaintiff, Sukh Deo Singh, (hereinafter "Plaintiff"), is, and at all relevant times was, a resident of California in which Plaintiff resides.

4.   Plaintiff alleges upon information and belief that Defendant, Sky Chefs, Inc. (hereinafter "Defendant") is, and at all relevant times was, a corporation authorized to transact and transacting business in California, and was the plan administrator for the Retirement Benefit Plan of Sky Chefs, Inc. for employees represented by the Hotel Employees and Restaurant Employees International Union, AFL--CIO (hereinafter "The Retirement Plan"), and the plan administrator for Sky Chefs, Inc. Life and Health Benefits Plan (hereinafter "The Life/Health Plan").

## FACTUAL BACKGROUND

5.   The Defendant paid benefits under the Retirement Plan to Plaintiff from on or about February 16, 2004 to the present time in the amount of $338.96. Plaintiff contends that Plaintiff should have been paid a higher amount in retirement benefits.

6.   On July 20, 2003, Plaintiff was terminated because he was on a leave of absence for two years. Plaintiff was reassured that he would have full retirement, health, life, and medical benefits based upon his employment with the Company for 30 years. Plaintiff was reassured that he would receive all benefits, Defendant never paid the full retirement, health, life and medical benefits. Mary Donnelly (hereinafter "Donnelly"), the Human Resource Manager of Defendant sent a letter to Plaintiff which was received on or about March 10, 2005 stating that she

had reviewed Plaintiff's complaint for medical benefits and concluded that no medical benefits were to be given to Plaintiff because he was not eligible. According to Defendant, Plaintiff was terminated before he reached 55 years of age and was therefore not eligible for their benefits. Further, Defendant stated that Plaintiff was terminated because the maximum length of leave allowed was two years. In fact, the maximum amount of time was three years.

7. On March 15, 2005, Plaintiff attempted to appeal the Defendant's decision that Plaintiff was not eligible for medical benefits or long-term disability. In a letter dated March 15, 2005 sent by Plaintiff's doctor, Donald B. Nichols, to Donnelly, the Human Resource Manager, Dr. Nichols argued that Plaintiff was on a leave of absence for disability based upon an injury on the job since July 20, 2001 and he was terminated July 20, 2003. The doctor stated that he provided further disability documentation to Defendant requesting that Plaintiff be out from June 1, 2003 to June 1, 2004, however, Defendant terminated Plaintiff. Dr. Nichols stated that Plaintiff should have been given disability benefits under his retirement plan. Plaintiff should have been granted the additional year of disability leave, which would have given him time to reach age 55 in November of 2003. Instead, Defendant terminated Plaintiff claiming that there was only a two year maximum of leave which was not true. Further, after the termination, Defendant, Human Resource office, and Retirement Benefits Office continued to reassure Plaintiff in writing and verbally that he would be fully qualified for all benefits.

8. Plaintiff has requested the Human Resource Department and the Retirement and Benefits Center, to further investigate and reconsider his claim for full retirement and medical benefits. Defendant remanded the claim to Donnelly, the Human Resource Manager who decided that after her review of the file on or about March 10, 2005, that Plaintiff did not have eligibility

rights for medical benefits under the Retirement Plan because he was terminated after a two year maximum length of leave.

9.      On or about March 10, 2005, Defendant denied Plaintiff's appeal, closed the Administrative record and determined that all administrative remedies had been exhausted.

### FIRST CAUSE OF ACTION
### FOR RECOVERY OF PLAN BENEFITS, PURSUANT
### TO 29 U.C.S. SECTION 1132(A)(1)(B)

10.     Plaintiff incorporates those allegations of the Jurisdiction, Parties, and Factual Background sections as though set forth in full in this cause of action.

11.     Under the terms of the Retirement Plan, Defendant agreed to provide Plaintiff with benefits which included a monthly pension of approximately $454.54 and Retiree Group Life and Health Plan benefits, based upon his seniority and number of years with the Company. After Plaintiff was terminated, Defendant stated that effective January 1, 2004 an employee on sick leave would receive accrued Company seniority when the employee returned to active employment. However, Plaintiff was out because of an injury on duty leave, i.e., certain disc injury to his spine and under the Company's own policies and provisions, seniority shall accrue during the entire period of an injury on-duty leave. Therefore, Plaintiff should have been credited with almost 30 years of employment, and should have qualified for full retirement and medical benefits. Defendant failed to provide such benefits.

12.     Denial of benefits to Plaintiff constitutes a breach of the Plan between Defendant and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits he would have received as a result of Defendant's failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

13. Defendant has arbitrarily and capriciously breached the obligations set forth in the Plan. Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy to provide Plaintiff benefits even though Plaintiff's benefits are covered under the terms of the Plan.

14. As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been entitled under the terms of the Plan.

15. As a direct and proximate result of the aforesaid conduct of Defendant in failing to provide coverage and benefits under the Plan, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

16. Plaintiff is entitled to benefits and prejudgment interest at the appropriate rate.

**SECOND CAUSE OF ACTION
FOR AN AWARD OF ATTORNEY'S FEES AND COSTS,
PURSUANT TO 29 U.S.C. SECTION 1132(G)(1)**

17. Plaintiff incorporates those allegations of the Jurisdiction, Parties and Factual Background sections along with the First Cause of Action as those set forth in full in this cause of action.

18. 29 U.S.C. Section 1132(g)(1) authorizes this Court to award reasonable attorney's fees and costs of action to either parting in an ERISA action.

19. As a result of the actions and failings of the Defendant, Plaintiff has retained the

First Amended Complaint for Recovery
of Planned Benefits

5

services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorney's fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown. Plaintiff therefore requests an award of reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.  For a declaration regarding the Defendant's noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

B.  For benefits payable under the Plan to reimburse Plaintiff for payments that Plaintiff has been entitled to receive;

C.  For future benefits payable under the Plan Plaintiff is entitled to receive;

D.  For an award of prejudgment interest;

E.  For an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 1132(g)(1);

F.  For costs incurred; and

G.  For such other and further relief as the Court deems appropriate.

Dated: July 28, 2008

CHARLES J. KATZ, Attorneys for Plaintiff
SUKH DEO SINGH

First Amended Complaint for Recovery
of Planned Benefits

PROOF OF SERVICE

I declare that:

I am a citizen of the United States and employed in San Mateo County, California; I am over the age of eighteen years and not a party to the within action. My business address is 475 El Camino Real, Suite 300, Millbrae, CA 94030. Today, I served:

**FIRST AMENDED COMPLAINT FOR RECOVERY OF PLAN BENEFITS**

_X_ by causing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, to be placed in the United States Post Office mail box at Millbrae, California, addressed as indicated below. (I am readily familiar with this business' practice of collecting and processing correspondence for mailing mail. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business).

__ by FACSIMILE as follows: I caused the said document to be transmitted by Facsimile machine to the addressee(s) at their fax numbers indicated below. The Facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(i), I caused the machine to print a transmission record of the transmission.

__ by PERSONAL SERVICE as follows: I caused each such envelope to be delivered by hand to the addressee(s) identified below:

**John M. Sorich, Esq.**
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

ate: July 31, 2008

_____
EILEEN C. SANDOVAL

First Amended Complaint for Recovery
of Planned Benefits

7