JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for defendant
SKY CHEFS, INC.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sukh Deo Singh,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sky Chefs Inc.<br><br>　　　　　Defendants. | CASE NO.: C08-01353 EDL<br><br>ACTION FILED:　　February 26, 2008<br><br>**DEFENDANT SKY CHEFS, INC.'S ANSWER TO COMPLAINT** |

Defendant Sky Chefs, Inc. ("Sky Chefs" or "Defendant") answers the Complaint of plaintiff Sukh Deo Singh ("Singh" or "Plaintiff") as follows:

### JURISDICTION

1.　　In response to paragraph 1 of the Complaint, Defendant states that the statutes speak for themselves. Defendant admits that this Court has jurisdiction over this action.

2.　　Admits.

### PARTIES

3.　　In response to paragraph 3 of the Complaint, Defendant lacks knowledge and

1
ANSWER AND DEFENSES

C08-01353 EDL

1061024.2

information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies each and every allegation contained therein.

4. Admits.

## FACTUAL BACKGROUND

5. In response to paragraph 5 of the Complaint, Defendant admits that sometime on or after December 1, 2003, under the Retirement Plan, Plaintiff has been receiving $338.96 per month. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff was terminated because he was absent from work for two years, and admits that Mary Donnelly sent a letter stating that Plaintiff was not entitled to medical benefits because he was terminated from employment before reaching the age of 55 years. Defendant further admits that under the applicable union agreement, the maximum length of leave, with the exception of injury on duty, was two years. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Defendant states that Doctor Nichols' letter of March 15, 2005 speaks for itself. Defendant admits that Dr. Nichols apparently wrote a letter dated March 15, 2005 to Mary Donnelly. Defendant further admits that Plaintiff was terminated in accordance with the applicable union agreement, because Plaintiff was absent from work for two years. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

8. In response to paragraph 7 of the Complaint, Defendant admits that Mary Donnelly sent a letter stating that Plaintiff was not entitled to medical benefits because he was terminated from employment before reaching the age of 55 years. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

9. Denies.

///

///

### FIRST CAUSE OF ACTION
### FOR RECOVERY OF PLAN BENEFITS, PURSUANT
### TO 29 U.S.C. SECTION 1132(A)(1)(B)

10. In response to paragraph 10 of the Complaint, Defendant incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 9.

11. Denies.

12. Denies.

13. Denies.

14. Denies.

15. Denies.

16. Denies.

### SECOND CAUSE OF ACTION
### FOR AWARD OF ATTORNEY'S FEES AND COSTS,
### PURSUANT TO 29 U.S.C. SECTION 1132(G)(1)

17. In response to paragraph 17 of the Complaint, Defendant incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 16.

18. In response to paragraph 18 of the Complaint, Defendant states that the statute speaks for itself. Defendant does not admit or deny, since this paragraph does not seek any admission of fact.

19. Denies.

As separate and distinct affirmative defenses to the Complaint on file in this action, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

20. Plaintiff's purported cause of action against Defendant, if any, arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). To the extent Plaintiff is seeking remedies not provided for by ERISA, they are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

///

### SECOND AFFIRMATIVE DEFENSE

21. The denial of Plaintiff's claim(s) was neither arbitrary nor capricious, which is the appropriate standard of review to be applied under the subject plans and ERISA.

### THIRD AFFIRMATIVE DEFENSE

22. The administrative record(s) for Plaintiff's claim(s) shows that Defendant correctly denied Plaintiff's claim for additional benefits under the plans. Thus, Defendant's decision must be upheld.

### FOURTH AFFIRMATIVE DEFENSE

23. Defendant at all times, has acted "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).

### FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's demand for attorneys' fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g)(1), because Defendant's defenses to this action are reasonable, made in good faith, and correct.

### SIXTH AFFIRMATIVE DEFENSE

25. Defendant has complied with and performed all of their promises, obligations and duties to Plaintiff under the subject plans, and the handling of Plaintiff's claims for pension and medical benefits was in full compliance with ERISA.

### SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the subject plans.

### EIGHTH AFFIRMATIVE DEFENSE

27. Defendant's handling of Plaintiff's claims for pension and medical benefits was in full and complete compliance with the subject plans.

### NINTH AFFIRMATIVE DEFENSE

28. The Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not complied with all conditions precedent to the payment of benefits under the plans.

### TENTH AFFIRMATIVE DEFENSE

29. This Complaint is premature as to Plaintiff's request for medical benefits, because Plaintiff failed to exhaust the administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

30. This Complaint is premature as to Plaintiff's request for additional pension benefits, because Plaintiff failed to exhaust the administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

31. Plaintiff is not entitled to medical benefits, because he did not reach the age of fifty-five (55) at the time of his termination from employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff is not entitled to interest under the Plan or ERISA.

### FOURTEENTH AFFIRMATIVE DEFENSE

33. There are no ancillary benefits available to Plaintiff under the Plan or ERISA.

### FIFTEENTH AFFIRMATIVE DEFENSE

34. The Plaintiff's claims for relief are barred by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

35. The Plaintiff's claims for relief are barred by the applicable statute(s) of limitations.

///

///

///

## RELIEF REQUESTED

Defendant asks that the Court: (i) dismiss the Complaint with prejudice and that judgment be entered in its favor; (ii) award to Defendant its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and (iii) grant such other and further relief as is appropriate under the circumstances of this case.

DATED: August 29, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By:   /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for defendant
SKY CHEFS, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

    On August 29, 2008, I served the foregoing document described as **DEFENDANT SKY CHEFS, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 29, 2008, at Santa Ana, California.

                                                    */s/ Rhonda K. White*
                                                    Rhonda K. White

## SERVICE LIST

| | |
|---|---|
| **Charles Joshua Katz**<br>Attorney at Law<br>475 El Camino Real, Suite 300<br>Millbrae, CA 94030 | Telephone: 650.692.4100<br>Facsimile:  650.692.2900<br><br>Attorney for Plaintiff Sukh Deo Singh |
| **Elladene Lee Katz**<br>Attorney at Law<br>327 North San Mateo Drive, Suite 9<br>P.O. Box 517<br>San Mateo, CA 94401 | Telephone: 650.348.8078<br>Facsimile:  650.348.8073<br><br>Attorney for Plaintiff Sukh Deo Singh |